# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM D. SHERMAN, Plaintiff, v. THE TOWN OF
HAMBURG, Defendant.

*Claims against town — right to sue — Town auditors — Board of Supervisors —
Commissioner of highways.*

Motion for a new trial on exceptions ordered to be heard in the
first instance at the General Term, after an order directing the
dismissal of the complaint on the ground that it did not state facts
sufficient to constitute a cause of action.

This action was brought by the plaintiff to recover his costs and
disbursements, incurred in defending himself in an action brought
against him, while in the discharge of his official duty as commis-
sioner of highways of the town of Hamburg, in said county.

In 1869 the defendant, by a former commissioner of highways,
took proceedings under the statute to open a highway, and filed
and recorded an order, pursuant to statute, with the town clerk of
that town, opening up the highway.

In March, 1870, the plaintiff was elected commissioner of high-
ways, and found the record of the highway, and took proceedings
to have the same opened, and removed the obstructions.

In September, 1870, one Hannah Cockle commenced an action
against him for removing the obstructions on the line of the high-
way, claiming that the proceedings taken in carrying out the high-
way were irregular. A judgment was recovered therein for some-
thing over $300, damages and costs.

This plaintiff brought this action to recover the costs and dis-
bursements incurred in the defense of that suit; and the judge at
Circuit dismissed the complaint, holding that the town was not lia-
ble to the plaintiff for his expenses in defending the suit against

him, and ordered the exceptions taken to be heard in the first instance at the General Term.

The court at General Term say: "The nonsuit was clearly properly granted at the Circuit. The plaintiff could not maintain an action against the town for the costs and expenses of the litigation incurred and paid by him, as stated in his complaint, within the cases of *Bell* v. *The Town of Esopus* (49 Barb., 506), and *Marsh* v. *The Town of Little Valley* (4 N. Y. S. C., 116).

The claim was unliquidated. If the town auditors have not, the board of supervisors of the county have ample power, and it is their duty to audit the accounts of town officers against their respective towns, and direct the raising of such sums as may be necessary to defray the same. (1 R. S., 367.)

If, in a proper case, the town auditors or the board of supervisors neglect or refuse to audit and allow a just and legal claim of a town officer, the party has an ample remedy by mandamus.

The motion for a new trial should be denied."

New trial denied.

*Walker & Titus*, for the plaintiff. *A. C. Calkins*, for the defendant.

Opinion by SMITH, J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Motion for new trial denied, and judgment ordered upon the nonsuit.